**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROLLIE LEONBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-01400-MTS |
| | ) | |
| ST. CHARLES COUNTY, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant St. Charles County's Motion to Dismiss, Doc. [9], as well as Plaintiff Rollie Leonberger's ("Plaintiff") filing of two Amended Complaints, Doc. [11] & [15]. For the reasons stated herein, the Court will grant the Motion to Dismiss in part and will strike Plaintiff's Second Amended Complaint, Doc. [15].

*

Plaintiff filed this action on September 01, 2026, against St. Charles County. Doc. [1]. On September 22, St. Charles County moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5). Doc. [9]. The County alleges that service upon it was improper because Plaintiff did not attach a copy of the Complaint to the summons, in violation of Federal Rule of Civil Procedure 4(c). Doc. [10]. Fourteen days after Defendant filed its Motion to Dismiss, Plaintiff filed an Amended Complaint. Doc. [11]. Plaintiff filed a Second Amended Complaint, which he titles "First Amended Complaint," three days after that. Doc. [15].

The Court first addresses Defendant's Motion. Federal Rule 12(b)(4) and (5) authorize a federal court to dismiss a case for "insufficient process" or "insufficient service of process."

When a party brings such a motion, the Court "has discretion to either dismiss the action, or quash service but retain the case." *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) (quoting *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976)); *see also* 5B *Wright & Miller's Federal Practice & Procedure* § 1354 (4th ed. 2026) ("Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case . . . ."). Generally, a court should not dismiss the case when "there is a reasonable prospect that the plaintiff will ultimately be able to serve defendant properly." *Cheeks v. Belmar*, 4:18-cv-2091-CAS, 2019 WL 2568667 at *3 (E.D. Mo. June 21, 2019) (quoting Wright & Miller, *supra*, § 1354). However, the Court may also "order conditions, including time constraints, within which the plaintiff may make a second attempt at service." *Id.* (quoting Wright & Miller, *supra*, § 1354).

Here, Defendant alleges that service violates Rule 4(c) because Plaintiff did not attach a copy of the complaint. Doc. [10]; *see Duran v. Andrew*, 4:08-cv-1400-JCH, 2009 WL 113382, at *3 (E.D. Mo. Jan. 15, 2009). Plaintiff has not filed any response contesting this assertion. The Court concludes that service was therefore improper under Rule 4(c)(1). However, Plaintiff filed this suit on September 01, 2026. Doc. [1]. Under Rule 4(m), he therefore has until Monday, November 30, 2026, to properly serve Defendant. Under the circumstances, this Court believes that Plaintiff may ultimately be able to serve Defendant properly. Therefore, in lieu of dismissing the action, this Court will quash service and order Plaintiff to properly serve Defendant by November 30.

The Court next addresses Plaintiff's Amended Complaints. Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course within

twenty-one days of service of a motion under Rule 12(b). Therefore, because Defendant filed and served a motion under Rule 12(b) on September 22, Doc. [9], Plaintiff was entitled to file his Amended Complaint, Doc. [11], but not his Second Amended Complaint, Doc. [15]. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading *once* as a matter of course . . . ." (emphasis added)). Therefore, this Court will accept Plaintiff's Amended Complaint, Doc. [11], as his operative pleading, and will strike Plaintiff's Second Amended Complaint, Doc. [15]. If Plaintiff wishes to amend his complaint again, he may seek to do so as allowed under Rule 15(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Charles County's Motion to Dismiss is **GRANTED** in that the Court orders the service of process on this Defendant **QUASHED**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to serve Defendant St. Charles County and file proof of such service by **Monday**, **November 30, 2026**, the Court will dismiss Plaintiff's action without prejudice pursuant to Rule 4(m).

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STRIKE** the "First Amended Complaint," Doc. [15].

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Omit, Doc. [4], and Pro Se Emergency Motion, Doc. [13], are **DENIED** as moot in light of the Amended Complaint.

Dated this 16th day of October 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE